IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:00-cr-00091 |
| | ) | JUDGE RICHARDSON |
| KENNETH H. SMITH | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's "Unopposed Motion for Early Termination of Supervised Release." (Doc. No. 96, "Motion"), wherein Defendant asks the Court to terminate his ten-year term of supervised release, of which he has served more than forty-four months. On July 31, 2000, Defendant pled guilty to three counts: possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); possession of a weapon by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924; and making a false written statement to a licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) & 924(a)(2). (*Id*. at 1). On January 29, 2001, United States District Judge Thomas Higgins sentenced Defendant to 240 months' imprisonment to be followed by ten years of supervised release. (Doc. No. 67). President Barack Obama commuted Defendant's sentence on August 3, 2016, with the sentence expiring on December 1, 2016. (Doc. No. 92).

Defendant contends that he meets the criteria for early termination of supervision because, among other things, he "remains employed, is married, and is raising four children. He has had no positive drug screens while on supervised release and has complied with his reporting requirements." (Doc. No. 96 at 1). The Government does not oppose Defendant's request for early termination of supervised release. (*Id*). Reportedly, Defendant's probation officer informed defense counsel that "[Defendant] meets the criteria for early termination and has been compliant with his conditions of supervision. [The United States' Probation Office is] in favor of his early

termination." (*Id*. at 2).

Section 3583(e)(1) of Title 18, United States Code, permits early termination of supervised release, after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

In addition to these factors, federal judicial policy requires that courts consider the following factors when evaluating the appropriateness of early termination of supervised release: stable community reintegration, progressive strides toward supervision objectives, no aggravated underlying convictions, no history of violence, no recent arrests, convictions, alcohol or drug abuse, and no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

In this case, upon the application of the Section 3553 factors, and considering the lack of opposition by the Government, the Court finds that collectively they strongly support Defendant's request for early termination of supervised release. The Court acknowledges that Defendant has successfully transitioned into his community, complied with his conditions of supervised release, and maintained steady employment. Thus, upon the application of the Section 3553 factors, and in consideration of the lack of opposition by the Government, the Court finds that early termination of supervised release is clearly warranted at this time. Therefore, the Motion (Doc. No. 96) is **GRANTED**, and Defendant's term of supervised release is hereby terminated.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE